```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
PENSION BENEFIT GUARANTY CORPORATION,         :
                                              :
                          Plaintiff,          :       REPORT &
                                              :       RECOMMENDATION
          -against-                           :       19-CV-744 (DLI) (SMG)
                                              :
                                              :
DIMENSIONAL LETTERING, INC., as administrator :
of the Dimensional Lettering, Inc. Pension Plan, :
                                              :
                          Defendant.          :
-------------------------------------------------------------------x
```

GOLD, STEVEN M., U.S.M.J.:

## INTRODUCTION

Plaintiff Pension Benefit Guaranty Corporation ("PBGC") brings this action against defendant Dimensional Lettering, Inc. ("Dimensional") under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1301–1461. Complaint ("Compl.") at 1, Dkt. 1. Pursuant to 29 U.S.C. §§ 1342(c) and 1348(a), PBGC seeks an order (1) terminating the Dimensional Lettering, Inc. Pension Plan (the "Pension Plan"), (2) appointing PBGC as statutory trustee of the Pension Plan, (3) establishing December 31, 2015[1] as the termination date for the Pension Plan, and (4) directing Dimensional and any other person or entity having possession, custody, or control of any records, assets, or other property of the Pension Plan to transfer, convey, and deliver all such records, assets, and property to PBGC. *Id.* PBGC is not seeking any damages or legal fees from Dimensional. Letter dated June 27, 2019 ("Letter Seeking Relief"), Dkt. 24.

---

[1] Except for once at the beginning of its complaint, PBGC consistently proposes December 31, 2015 as the termination date. *Compare* Compl. at 1, *with id.* at 5; *see also* Pl.'s Mem. in Supp. at 3, Dkt. 22-2; Proposed Order, Dkt. 22-4. Thus, I infer that PBGC seeks to establish a termination date of December 31, 2015, and that the reference to December 1, 2015 on the first page of the complaint is an error.

Upon PBGC's application and in light of Dimensional's failure to answer or otherwise defend, the Clerk of the Court noted Dimensional's default on May 20, 2019. Dkt. 20. PBGC subsequently moved for default judgment. Dkt. 22. The Honorable Dora L. Irizarry then referred the motion to me for report and recommendation.

For the reasons set forth below, I respectfully recommend that default judgment be entered against Dimensional and that (1) the Pension Plan be terminated, (2) PBGC be appointed trustee of the Pension Plan, (3) the termination date of the Pension Plan be set at December 31, 2015, and (4) PBGC's request for an order requiring transfer of all records, assets, property, and documents of the Pension Plan to PBGC be granted.

## BACKGROUND

### I. Facts

Dimensional, a New York corporation located at 10-03 44th Avenue, Long Island City, New York, is engaged in the manufacture of interior signs and displays for retailers. Compl. ¶¶ 4, 9. Dimensional is also the contributing sponsor and plan administrator of the Pension Plan, which is "a single-employer, defined benefit pension plan that is covered by Title IV of ERISA." *Id.* ¶ 5. The Pension Plan was established by Dimensional on November 1, 1981 and has seventeen participants. *Id.* ¶¶ 6–7. As of December 31, 2015, the Pension Plan had not received $265,796 in minimum required contributions and was underfunded by $1,163,209. *Id.* ¶ 14.

PBGC is a "wholly owned United States government corporation established under 29 U.S.C. § 1302(a) to administer and enforce the defined benefit pension plan termination insurance program created by Title IV of ERISA." *Id.* ¶ 3. "When an underfunded pension [p]lan terminates, PBGC provides the timely and uninterrupted payment of pension benefits to plan participants and their beneficiaries." *Id.*

2

On October 1, 2015, Dimensional applied to PBGC for a distress termination of the Pension Plan under 29 U.S.C. § 1341(c)(2)(B)(iii)(I), informing PBGC that, unless the Pension Plan was terminated, Dimensional would be unable to pay its debts and continue in business. *Id.* ¶ 10. Dimensional claims to have sent each of the Pension Plan's participants a notice of intent to terminate the Pension Plan, with a proposed termination date of December 1, 2015. *Id.* ¶ 11.

On July 2, 2018, PBGC issued a Notice of Determination (the "Notice") to Dimensional, stating that the Pension Plan had not met "the minimum funding standard required under section 412 of the Internal Revenue Code and [would] be unable to pay benefits when due." Notice of Determination, Dkt. 1-3. The Notice further stated that the Pension Plan "must be terminated in order to protect the interests of the Plan's participants" and that the termination date should be set at December 31, 2015. *Id.* PBGC claims that, to date, Dimensional's president Perry Gambino has refused to execute an agreement that would terminate the Pension Plan as of December 31, 2015 and appoint PBGC as the Plan's trustee. Compl. ¶ 16.

## II. Procedural History

PBGC commenced this action on February 6, 2019. Dkt. 1. Dimensional did not answer but instead requested a court conference to discuss whether the fees and expenses incurred in compliance with post-termination audit activities and information requests by PBGC may properly be charged as plan expenses. Dimensional's Letter dated Mar. 28, 2019, Dkt. 10. According to this letter, Dimensional "terminated [the Pension Plan] and, pursuant to established law, charged expenses relating to compliance with PBGC requests against the plan's assets," as "Dimensional [had] under[gone] an assignment for the benefit of its creditors" and had no assets of its own. *Id.* at 1.

PBGC responded, explaining that, even though "Dimensional is no longer operational and does not have assets," the Pension Plan is still ongoing, and Dimensional, as the plan administrator and a fiduciary under ERISA, "must use plan assets for the exclusive purpose of paying benefits and defraying reasonable administrative expenses." PBGC's Letter in Response dated April 1, 2019 at 2, Dkt. 11; *see also* 29 U.S.C. § 1103(c)(1).

In another letter submitted in reply to PBGC, Dimensional "agree[d] that the plan should be terminated," but contended that "it is PBGC's practice to conduct extensive post-termination audit[s]" and to "make extensive document and informational requests . . . that will be duplicative of each other, and of documents previously provided to PBGC" and that Dimensional "should not be required to respond to duplicative requests at its own expense." Letter in Reply dated April 5, 2019 at 1, Dkt. 13. Dimensional considers this issue to be "the sole dispute between the parties." *Id.*

PBGC responded that it could not agree to limit its post-termination requests but "has consistently told Dimensional's counsel that the agency . . . [is] committed to streamlining any requests" and to working "with Dimensional to address any document collection issues that arise after the [p]lan is terminated." PBGC's Second Letter in Response dated April 9, 2019 at 1, Dkt. 14. Nevertheless, PBGC asserted that "Dimensional's concerns with PBGC's post-termination document collection procedures are not an appropriate basis to further delay termination of the [p]lan." *Id.* at 2.

Dimensional has neither appeared in the action nor communicated with the Court following PBGC's Second Letter in Response. Upon PBGC's application and in light of Dimensional's failure to answer or otherwise defend, the Clerk of the Court noted Dimensional's

4

default on May 20, 2019.  Dkt. 20.  PBGC subsequently moved for default judgment on May 29, 2019.  Dkt. 22.

## DISCUSSION

**I.     Legal Standards**

  *A.  Standard of Review*

Once found to be in default, a defendant is deemed to have admitted the well-pleaded allegations in the complaint pertaining to liability.  *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009).  "Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law."  *Labarbera v. ASTC Labs., Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (internal quotation marks and citation omitted); *accord Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (recognizing the court's authority, even after default, to determine whether the plaintiff has stated a cause of action).

  *B.  Statutory Scheme*

Under Title IV of ERISA, PBGC has a statutory obligation to administer and enforce "a mandatory insurance program that guarantees plan participants a certain minimum level of benefits if their employers terminate pension plans with inadequate funds."  *In re Pension Plan for Emps. of Broadway Maint. Corp.*, 707 F.2d 647, 648 (2d Cir. 1983); *see generally* 29 U.S.C. § 1302(a).  "Congress created PBGC to encourage the development of private pension plans and to ensure that plan participants receive the benefits promised by their employers."  *Broadway Maint. Corp.*, 707 F.2d at 648.

## II. The Pension Plan

### A. Termination of the Pension Plan

As noted above, Dimensional provided PBGC with notice of intent to terminate the plan on October 1, 2015. Compl. ¶ 10. Also as noted above, Dimensional does not dispute that the Pension Plan should be terminated.

PBGC is authorized to commence court proceedings to terminate a pension plan when it determines that "the plan has not met the minimum funding standard required under section 412 of [the Internal Revenue Code]" or that "the plan will be unable to pay benefits when due." 29 U.S.C. § 1342(a)(1)–(2). A district court may then issue a "decree adjudicating that the plan must be terminated in order to protect the interests of the participants." *Id.* § 1342(c)(1).

Here, PBGC alleges that, as of December 31, 2015, the Pension Plan had not received $265,796 in minimum required contributions and was underfunded by $1,163,209. Compl. ¶ 14. Consequently, PBGC made a formal determination that the Pension Plan will not be able to pay benefits when due and that termination of the Pension Plan is necessary to protect the interests of the participants. *Id.* Because PBGC's allegations pertaining to liability are deemed true, and because Dimensional also contends that termination is warranted, the Pension Plan should be terminated. *See Pension Benefit Guar. Corp. v. Natasi White, Inc.*, 476 F. Supp. 2d 228, 229 (E.D.N.Y. 2007). I therefore respectfully recommend that PBGC's first request for relief, a decree that the Pension Plan be terminated, be granted.

### B. Appointment of the Trustee

Where, as here, PBGC makes a statutory determination that a pension plan should be terminated, "it may, upon notice to the plan, apply to the . . . court for the appointment of a trustee to administer the plan" and "request that it [the PBGC] be appointed as trustee of [the]

6

plan." 29 U.S.C. § 1342(b)(1). The court may also appoint a trustee if the interests of the plan participants would be better served by doing so. *Id.* § 1342(b)(2).

Here, PBGC alleges that the Pension Plan is underfunded, Compl. ¶ 14, and that it is "ready, willing, and able to serve as the statutory trustee of the Pension Plan," *id.* ¶ 21.[2] Such allegations are "sufficient to warrant PBGC's appointment as trustee." *Pension Benefit Guar. Corp. v. Booke & Co., Inc.*, 2019 WL 192245, at *2 (S.D.N.Y. Jan. 15, 2019); *see also Pension Benefit Guar. Corp. v. LTV Corp.*, 496 U.S. 633, 637 (1990) ("When a plan covered under Title IV terminates with insufficient assets to satisfy its pension obligations to the employees, the PBGC becomes trustee of the plan, taking over the plan's assets and liabilities."); *Nastasi White, Inc.*, 476 F. Supp. 2d at 229. Because I conclude that it would best serve the interests of the plan beneficiaries, I respectfully recommend that PBGC be appointed trustee of the Pension Plan.

C. *Termination Date*

The termination date of a single-employer pension plan is normally established by agreement between PBGC and the plan administrator. *See* 29 U.S.C. §§ 1348(a)(2), (3). However, if "the plan administrator is unavailable" and "no agreement has been reached," then "the court must determine the date of termination." *Natasi White, Inc.*, 476 F. Supp. 2d at 229 (citing 29 U.S.C. § 1348(a)(4)). Here, PBGC alleges that it has not reached any agreement with Dimensional as to the termination date for the Pension Plan, Compl. ¶ 20, and Dimensional has not appeared in the action. Therefore, it falls to the Court to determine the appropriate termination date.

A court setting a plan termination date should consider two factors: "the expectations of participants and the financial implications of termination for PBGC." *Broadway Maint. Corp.*,

---

[2] This paragraph is incorrectly labelled as "21." It should be labelled "23" to be in numerical order.

7

707 F.2d at 652 (adopting the test set forth in *PBGC v. Heppenstall Co.*, 633 F.2d 293, 300–01 (3d Cir. 1980)).

With respect to the first factor, the Court "should begin its analysis by determining the earliest date when the Plan's participants had actual or constructive notice of the Plan's termination, i.e., notice sufficient to extinguish their reliance interest." *Id.* at 652–53. As for the second factor, the Court should "select whatever later date serves the interests of PBGC." *Id.* at 653. "[T]he financial interests of the employer should play no role in setting a termination date in these proceedings." *Id.* at 652.

On October 1, 2015, Dimensional sent plan participants a notice of intent to terminate the Pension Plan, with a proposed termination date of December 1, 2015. Compl. ¶ 11. Thus, "as of December 31, 2015, the [plan] participants no longer had any justifiable expectation of the Pension Plan continuing." Compl. ¶ 21. The first factor therefore favors PBGC's requested termination date of December 31, 2015. *See Pension Benefit Guar. Corp. v. Republic Techs. Int'l, LLC*, 386 F.3d 659, 667 (6th Cir. 2004) ("Every court to consider the issue has concluded that expectation interests in the accrual of benefits are extinguished on the date the participants receive reasonable notice from PBGC that the plan is going to be terminated.").

The second factor likewise supports setting a termination date of December 31, 2015. Because PBGC has proposed December 31, 2015 as the termination date, the Court is "entitled to conclude that this date adequately serves the interests of PBGC." *Broadway Maint. Corp.*, 707 F.2d at 653; *see also Natasi White, Inc.*, 476 F. Supp. 2d at 230 (concluding that because PBGC "has requested November 30, 2003 as the termination date . . . this date likely represents an advantageous date from its perspective").

8

Accordingly, I respectfully recommend that PBGC's request to set December 31, 2015 as the termination date of the Pension Plan be granted.

### D.  Order to Transfer Plan Assets to the Trustee

A trustee appointed under 29 U.S.C. § 1342(b) has the power "to require the transfer of all (or any part) of the assets and records of the plan to himself [or herself] as trustee."  29 U.S.C. § 1342(d)(1)(A)(ii); *see Pension Benefit Guar. Corp. v. Thomas O'Rourke Gallagher, Inc.*, 2015 WL 5564618, at *3 (E.D.N.Y. July 21, 2015), *report and recommendation adopted*, 2015 WL 5564669 (E.D.N.Y. Sept. 18, 2015).  Because I recommend that PBGC be appointed a trustee, I further respectfully recommend granting PBGC's request for an order directing Dimensional, and any other person or entity having possession, custody, or control of any records, assets, or other property of the Pension Plan, to transfer, convey, and deliver all such records, assets, and property to PBGC.

### CONCLUSION

For the foregoing reasons, I respectfully recommend that PBGC's motion for default judgment against Dimensional be granted, and that a final judgment be entered providing as follows:

(i)   The Pension Plan is terminated pursuant to 29 U.S.C. § 1342(c);

(ii)  PBGC is appointed as statutory trustee of the Pension Plan pursuant to 29 U.S.C. § 1342(b);

(iii) December 31, 2015 is established as the termination date of the Pension Plan pursuant to 29 U.S.C. § 1348(a)(4); and

(iv)  Dimensional and any other person or entity having possession, custody, or control of any records, assets, or other property of the Pension Plan are directed to transfer,

9

convey, and deliver all such records, assets, and other property to PBGC as statutory trustee of the Pension Plan upon request pursuant to 29 U.S.C. § 1342(d)(1)(A)(ii).

Any objections to the recommendations made in this Report must be submitted within fourteen days after filing of the Report and, in any event, no later than February 17, 2020. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Proc. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (discussing waiver under the former ten-day limit).

PBGC shall serve this Report and Recommendation on Dimensional by letter sent to its last known address and by email sent to its last known email address, and shall promptly file proof of service with the Court.

Respectfully submitted,

/s/
STEVEN M. GOLD
United States Magistrate Judge

Dated: Brooklyn, New York
       February 3, 2020

U \#Clerk Files\Decisions 2020\PBGC v. Dimensional 19-CV-744 Final R&R.docx